## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAVID LEE PENDER, II, | ) | Case No. 14-28681 |
| | ) | |
| | ) | |
| Debtor. | ) | Hon. Pamela S. Hollis |
| | ) | Hearing: November 16, 2017 at 10:00 a.m. |

## <u>NOTICE OF MOTION</u>

TO:    SEE THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Thursday, November 16, 2017, at 10:00 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis in Courtroom 644, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the attached **First and Final Application of Alan D. Lasko & Associates, P.C. for Allowance Compensation and Expenses**, ("Lasko's Fee Application"), at which time and place you may appear if you so desire.

Dated: October 26, 2017

RONALD R. PETERSON, not individually but as the chapter 7 Trustee for the bankruptcy estate of David Lee Pender, II.

By:    ___/s/ *Ronald R. Peterson*_____
　　　　　　 Ronald R. Peterson

Ronald R. Peterson (02188473)
Alexis N. Gabay (06199478)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: 312-222-9350
Facsimile: 312-840-7895

*Counsel for the Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I, Ronald R. Peterson, an attorney, certify that on October 26, 2017, I served the

foregoing **Notice of Motion** and the following **First and Final Application of Alan D. Lasko &**

**Associates, P.C. for Allowance Compensation and Expenses** on the parties indicated on the

Service List via the Court's CM/ECF system or first class U.S. mail as indicated.


＿＿＿＿*/s/  Ronald R. Peterson*＿＿＿＿＿
Ronald R. Peterson

## SERVICE LIST
Case No. 14-28681

**Via ECF Notification:**

Joel R. Levin      USTPRegion11.ES.ECF@usdoj.gov

**Via U.S. Mail:**

David Lee Pender
844 E 193 St
Glenwood, IL 60425

Americash Loans
212 S. Clark St
Chicago, IL 60604-1401

Cavalry SPV II, LLC
as assignee of GE Money Bank/Care Credit
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-1340

Comcast
688 N Industrial Drive
Elmhurst, IL 60126-1557

Contact Caller Inc
501 Greene St 3rd Fl Ste 302
Augusta, GA 30901-4415

Cook County Recorder of Deeds
118 N Clark Rm 230
Chicago, IL 60602-1387

Foreit Properties, LLC
5942 S. King Dr
Chicago, IL 60637-1358

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

MCSI
7330 W College Dr
Palos Heights, IL 60463-1186

Navient Solutions, Inc. on behalf of USA Fun
Attn: Bankruptcy Litigation Unit E3149
PO Box 9430
Wilkes Barre, PA 18773-9430

Payday Loan Store
801 N Pulaski Rd
Chicago, IL 60651-3609

SYNCB/Care Credit
POB 965036
Orlando, FL 32896-5036

Sallie May
POB 9655
Wilkes Barre, PA 18773-9655

United Student Aid Funds
POB 9460 MC E2142
Wilkes- Barre, PA 18773-9460

Alan Lasko
Alan D. Lasko & Associates, P.C.
205 W. Randolph St., Ste. 1150
Chicago, IL 60606

Internal Revenue Service
230 South Dearborn Street
Chicago, IL  60604

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **David Lee Pender, II Bankruptcy Estate** | ) | **No. 14 B 28681** |
| | ) | |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | **Hon. Pamela S. Hollis** |

### FIRST AND FINAL APPLICATION
### OF ALAN D. LASKO & ASSOCIATES, P.C.
### <u>FOR ALLOWANCE OF COMPENSATION AND EXPENSES</u>

**ALAN D. LASKO AND ALAN D. LASKO & ASSOCIATES, P.C. ("ADLPC"),** Certified

Public Accountants, request first and final compensation of $1,468.50 and expenses of $20.20 for

the time period from June 1, 2017 through July 17, 2017. A detail is provided herein for the Estate,

which identifies by subject matter the services performed by the Applicant. Additional detail is

provided to reflect the function and individual performing said services. Lastly, each individual's

classification and hourly rate is also reflected. In addition, attached is the Affidavit pursuant to

Bankruptcy Rule 2016.

### <u>INTRODUCTION</u>

This Court has jurisdiction over this First and Final Fee Application pursuant to 28 U.S.C. § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicates for the relief requested herein are Sections 328, 330 and 331 of Title 11 of the United States Code (11 U.S.C. §§ 101-1532, the "Bankruptcy Code"), as supplemented by Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the United States Department of Justice, dated on January 30, 1996 (the "UST Guidelines").

Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any compensation it has received or may receive in these cases with another person or party other than the Firm's associates, and other employees, or (b) any compensation another person or party has received or may receive in these cases.

**GENERAL**

The Debtor filed a petition under Chapter 7 on or about August 5, 2014. A Trustee was subsequently appointed. On June 1, 2017, Alan D. Lasko & Associates, P.C. was approved by the Court as the accountants for the Trustee. Reflected in this fee petition is the Applicant's time for the preparation of the Estate's initial and final 2017 income tax returns.

DAVID LEE RENNER, II BANKRUPTCY ESTATE

**FEE APPLICATION**

The fees sought by this First and Final Fee Application reflect an aggregate of 10.2 hours of ADLPC's time spent and recorded in performing services during the First and Final Compensation Period. This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtor's Estate, which has already been eliminated by ADLPC. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered (d), the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

All of the services for which first and final compensation is sought were rendered solely in connection with this case, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

ADLPC has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

ADPC has not shared, or agreed to share (a) any compensation it has received or may receive with another party or person, other than with the associates of the Firm, or (b) any compensation another person or party has received or may receive.  No promises have been received by ADLPC as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

## BREAKDOWN BY CATEGORIES

The categories in this Application as listed below:

## BILLING

The Applicant has incurred 1.2 hours in the preparation of this fee Application.

|         | Cost |
|---------|------|
| Cost    | $123.00 |

A recap of compensation for this category is as follows:

|                    | Hours | Rate       | Amount      |
|--------------------|-------|------------|-------------|
| A. Lasko           | 0.2   | $  290.00  | $    58.00  |
| C. Wilson, Staff   | 1.0   | 65.00      | 65.00       |
|                    | 1.2   |            | $   123.00  |

## TAX PREPARATION

The Applicant incurred 9.0 hours in the preparation of the Estate's initial and final 2017 workpapers and year-end tax returns.

DAVID LEE RICONDER, II BANKRUPTCY ESTATE

The work also included the following:

- Summarized Trustee's Forms 2.
- Reviewed Bankruptcy Schedules.
- Discussions with Trustee regarding tax items.

Cost                          $1,345.50

A recap of compensation for this category is as follows:

|                        | Hours | Rate        | Amount        |
|------------------------|-------|-------------|---------------|
| A. Lasko               | 2.4   | $ 290.00    | $   696.00    |
| K. Seyller, Senior     | 0.3   | 170.00      | 51.00         |
| D. Stefanczuk, Staff   | 6.3   | 95.00       | 598.50        |
|                        | 9.0   |             | $  1,345.50   |

The Applicant reflects hourly rates and hours worked by each person by function. The recap also reflects the cost of each function performed. In order to assist the Court and parties in interest to evaluate this fee request, your Applicant has reflected below the range of rates charged by staff level.

| Owner            | $290 | - | $300 |
|------------------|------|---|------|
| Manager/Director | 240  | - | 300  |
| Supervisors      | 180  | - | 260  |
| Senior           | 140  | - | 180  |
| Assistant        | 65   | - | 140  |

DAVID LEIDENHEIM, II BANKRUPTCY ESTATE

To provide an orderly and meaningful summary of the services rendered by ADLPC in accordance with its employment, ADLPC has summarized the services provided by the project billing categories for its first and final fee period are as follows:

| Recap by Project | First and Final Application | | |
|---|---|---|---|
| Billing | $ | 123.00 | |
| Tax Preparation | | 1,345.50 | |
| Net Request | $ | 1,468.50 | |

| Recap by Hour | Hours | Amount | Blended Rate |
|---|---|---|---|
| Billing | 1.2 | $  123.00 | $  102.50 |
| Tax Preparation | 9.0 | 1,345.50 | $  149.50 |
| | 10.2 | $  1,468.50 | $  143.97 |

## EXPENSES

It is the Firm's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is the Firm's policy to charge its client only the amount actually incurred by the Firm in connection with such items. Examples of such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and lodging.

|  | Tax Preparation |
|---|---|
| Delivery | $ 10.00 |
| Copy Costs | 10.20 |
|  | $ 20.20 |

## ALLOWANCE OF COMPENSATION

The foregoing professional services rendered during the Compensation Period were necessary and appropriate to the administration of the Chapter 7 case and was in the best interests of the parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. ADLPC has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including.
>
> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;

(C)   whether the services were necessary to the administration of, or beneficial
at the time the service was rendered toward the completion of, a case under
this title;

(D)   whether the services were performed within a reasonable amount of time
commensurate with the complexity, importance, and nature of the problem,
issue or task addressed; and

(E)   whether the compensation is reasonable based on the customary
compensation charged by comparably skilled practitioners in cases other
than cases under this title.

Id. § 330(a)(3).

In the instant case, ADLPC respectfully submits that the services for which it seeks compensation

in this First and Final Fee Application were necessary for and beneficial to the Trustee's efforts in

administering the Debtor's Estate, and necessary to and in the best interests of the Debtor's Estate.

ADLPC further submits that the compensation requested herein is reasonable in light of the nature,

extent, and value of such services provided to the Trustee and the Debtor's Estate.


The rates charged by ADLPC in this case are standard for any bankruptcy matter, and are identical

to the rate it would charge throughout the country in any bankruptcy case of this size and

prominence.


In sum, the services rendered by ADLPC were necessary and beneficial to the Debtor's Estate, and

were consistently performed in a timely manner commensurate with the complexity, importance,

and nature of the issues involved.  As shown by this First and Final Fee Application and supporting

exhibits, ADLPC incurred professional time economically and without unnecessary duplication of

effort.  In addition, the work involved, and thus the time expended, was carefully assigned in view

of the experience and expertise required for a particular task.  Accordingly, approval of the First

and Final compensation sought herein for the Compensation Period is warranted.

8

## CONCLUSION AND REQUEST FOR RELIEF

Based upon the foregoing, your Applicant submits that the relief requested is justified in the circumstances and its allowance would be appropriate.  Therefore, the requested first and final compensation of $1,468.50 and expenses of $20.20 should be allowed for services by your Applicant for the period June 1, 2017 through July 17, 2017.

_____
Alan D. Lasko


Alan D. Lasko & Associates, P.C.
205 West Randolph Street
Suite 1150
Chicago, Illinois  60606
(312) 332-1302

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| David Lee Pender, II Bankruptcy Estate | ) | No. 14 B 28681 |
| | ) | |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | Hon. Pamela S. Hollis |

### AFFIDAVIT PURSUANT TO BANKRUPTCY RULE 2016

STATE OF ILLINOIS)
          )       SS.
COUNTY OF COOK )

I, Alan D. Lasko, being first duly sworn on oath, depose and state as follows:

1.    I am the owner of the Firm ALAN D. LASKO & ASSOCIATES, P.C. ("Lasko") and I am authorized to execute this Affidavit on behalf of Lasko. Lasko is the Court-approved accountants for Ronald R. Peterson, Chapter 7 Trustee in this case ("Trustee").

2.    I have read the First and Final Application of Lasko, for allowable compensation and expenses ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. Lasko has performed the services set forth and described in the Application at the request and pursuant to the direction of the Trustee.

3.    Lasko has not previously received payments for services rendered in connection with this case from the Trustee. Lasko has not entered into any agreement or understanding between itself and any other person for the sharing of compensation received or to be received for services rendered to the Trustee in connection with these cases, except among the members and associates of the Firm.

FURTHER AFFIANT SAYETH NOT.

_____
Alan D. Lasko

Subscribed and Sworn to before me
this _17th_ day of July, 2017.

_____
Notary Public

OFFICIAL SEAL
CLAUDETTE WILSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/10/20

10

**EXHIBIT A**

**ORDER OF EMPLOYMENT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   14-28681 |
| DAVID LEE PENDER, II, | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Pamela S  Hollis |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## ORDER GRANTING MOTION TO RETAIN ACCOUNTANT

THIS MATTER COMING TO BE  HEARD upon the Trustee's Motion to Retain Accountant (the "Motion"), the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §1334; (ii) this is a core proceeding pursuant to 28 U.S C. §157(b); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of relief as set forth herein,

IT IS  HEREBY ORDERED that:

1. The Trustee is hereby authorized, pursuant to Section 327 of the Bankruptcy Code, to retain Alan D. Lasko and Alan D. Lasko & Associates, P.C  as his accountants in the above-captioned case.

2  Compensation of Alan D. Lasko and Alan D. Lasko & Associates, P C. for services rendered and reimbursement of expenses incurred in connection with its representation of the Trustee shall be pursuant to applications to be submitted to and approved by this Court from time to time during the pendency of the above-captioned Chapter 7 case, or pursuant to other orders of this Court.

3. The Court shall retain jurisdiction over any matter or disputes arising from or relating to the implementation of this Order.

Enter:

Honorable Pamela S  Hollis
United States Bankruptcy Judge

Dated:  June 01, 2017

**Prepared by:**

Ronald R. Peterson (02188473)
Alexis N. Gabay (06199478)
JENNER & BLOCK LLP
353 N  Clark Street
Chicago, Illinois 60654-3456
Telephone: 312-222-9350
Fax: 312-840-7352
Counsel for the Chapter 7 Trustee

**EXHIBIT B**

**PERSONNEL**

The following represents a description of the primary individuals in this engagement.

Alan D. Lasko – CPA, CIRA, CFF

Mr. Lasko has worked primarily in the bankruptcy field over the last 31 years. He brings his 41 years of experience in providing operational support to Chapter 11 and creditor committees, as well as his technical abilities in various accounting and tax matters in bankruptcy cases. Mr. Lasko has been an expert witness, been appointed as a receiver in State Court, worked as a disbursing agent, made presentations to creditors and their committees and worked with debtor and creditor counsels in formulating plans of reorganizations and disclosure statements. Mr. Lasko is a member of the Certified Insolvency and Restructuring Advisors (CIRA), as well as being Certified in Financial Forensics (CFF). Mr. Lasko is also a member of the American Bankruptcy Institute, the American Institute of Certified Public Accountants and the Illinois CPA Society. Mr. Lasko also has instructed and has written seminars on various bankruptcy-related topics. Last, Mr. Lasko has broad accounting and tax experience in Chapter 7 cases.

Karen Seyller, JD – Senior

Ms. Seyller has worked on various insolvency and litigation matters for three years. She has also worked on numerous Chapter 11 and 7 matters, as well as Receivership-related work and civil litigation support work. Prior to joining the Firm, Ms. Seyller had worked as a part-time intern for a tax law practice preparing income tax returns over two tax seasons. Subsequently, Ms. Seyller then had worked full time as a tax accountant for a medical care company over the last five years. Duties included the preparation of various types of tax returns of the business including but not limited to income tax returns, gross receipts returns, sales and use tax returns, as well as being involved in other general ledger duties of the company. Ms. Seyller has a Bachelor's Degree in

Accounting from Saint Xavier University.  She has completed her work at John Marshall Law School.


Dominika Stefanczuk – Staff

Ms. Stefanczuk is a staff accountant performing accounting and tax services.  Ms. Stefanczuk has recently completed her Bachelor's Degree in Accounting and her Master's Degree in Accounting from Saint Xavier University.

**EXHIBIT C**

**STAFF LEVELS**

## STAFF LEVEL – SUPERVISORS, SENIORS AND ASSISTANTS

SUPERVISORS

After a period of several years of experience, senior accountants are advanced to the supervisory level.  Supervisors have administrative and overview responsibility on a broader level than senior accountants.  Supervisors are responsible to keep the manager abreast of the progress of the engagement of the problems encountered in a particular circumstance.

SENIORS

After a period of usually 2 to 3 years, an individual is advanced to the senior level.  Seniors are primarily responsible for the day-to-day functions of fieldwork with the Court.  In bankruptcy-related work, audit seniors may also perform specific tasks at the request of a manager or supervisor.

ASSISTANTS

Staff assistants usually execute basic assignments or tasks.  In bankruptcy-related work, assistants primarily perform specific projects at specified times under the supervision of a senior, supervisor or manager.

**EXHIBIT D**

**ACTUAL TIME FROM TIME SLIPS**

**EXHIBIT D-1**

**TAX PREPARATION**

7/17/2017
9 58 AM                                    Pre-bill Worksheet                          Page       1

---

Selection Criteria

---

Clie Selection              Include  Pender 002

---

Nickname          Pender 002 | 5221
Full Name         David Lee Pender II Bankruptcy Estate
Address           c/o Ronald R  Peterson, Trustee
                  353 N  Clark Street
                  Chicago IL 60654-3456
Phone                              Fax
Home                               Other
In Ref To
                  tax preparati
Fees Arrg         By billing value on each slip
Expense Arrg      By billing value on each slip
Tax Profile       Exempt
Last bill
Last charge       7/16/2017
Last payment                       Amount      $0 00

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 6/7/2017 155151 | A  Lasko 800 | 290 00 | 0 30 | 87 00 | Billable |
| | prepared recap of initial data needed related to estate initial and final tax returns for trustee's office | | | | |
| 7/5/2017 155603 | A  Lasko 800 | 290 00 | 0 40 | 116 00 | Billable |
| | review of file and set up staff for year end final tax work of estate | | | | |
| 7/7/2017 155700 | D  Stefanczuk 800 | 95 00 | 1 00 | 95 00 | Billable |
| | Initial preparation of work papers for estate return | | | | |
| 7/10/2017 155712 | D  Stefanczuk 800 | 95 00 | 2 80 | 266 00 | Billable |
| | preparation of work papers and income tax returns for the estate | | | | |
| 7/10/2017 155714 | D  Stefanczuk 800 | 95 00 | 1 00 | 95 00 | Billable |
| | completed work paper and income tax preparation for estate return | | | | |

7/17/2017
9 58 AM

Pre-bill Worksheet

Page   2

Pender 002 David Lee Pender II Bankruptcy Estate (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/12/2017 155791 | D Stefanczuk 800 | 95 00 | 0 30 | 28 50 | Billable |
| | preparation of work papers and income tax returns - changes | | | | |
| 7/12/2017 155794 | A Lasko 800 | 290 00 | 0 90 | 261 00 | Billable |
| | review of work papers and tax returns final | | | | |
| 7/13/2017 155799 | A Lasko 800 | 290 00 | 0 30 | 87 00 | Billable |
| | prepared irs and illinois 60 day letters | | | | |
| 7/13/2017 155800 | A Lasko 800 | 290 00 | 0 50 | 145 00 | Billable |
| | sign off of federal and state tax returns and irs 60 day copies and letters for irs and illinois - final | | | | |
| 7/16/2017 155858 | D Stefanczuk 800 | 95 00 | 1 20 | 114 00 | Billable |
| | Estimated time to prepare estate's final information tax returns and cover letter to trustee | | | | |
| 7/16/2017 155859 | K Seyller 800 | 170 00 | 0 30 | 51 00 | Billable |
| | Estimated time to review estate's final information tax returns and cover letter to trustee | | | | |

| | | | | | |
|---|---|---|---|---|---|
| TOTAL | Billable Fees | | 9 00 | | $1,345 50 |

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---|---|---|---|---|---|
| 7/13/2017 155841 | C Wilson 115 | 10 20 | 1 000 | 10 20 | Billable |
| | Photocopy costs for 2017 Forms 1041 income tax returns - 102 pages @ $ 10 per page | | | | |
| 7/13/2017 155842 | C Wilson 116 | 10 00 | 1 000 | 10 00 | Billable |
| | Delivery of 2017 Forms 1041 income tax returns to Ronald R  Peterson - | | | | |

7/17/2017
9 58 AM                                    Pre-bill Worksheet                              Page      3

Pender 002 David Lee Pender II Bankruptcy Estate (continued)

| Date ID | Timekeeper Expense | Price Markup % | Quantity | Amount | Total |
|---------|--------------------|----------------|----------|--------|-------|
|         | confirmation #105304 |              |          |        |       |

| TOTAL | Billable Costs | | | | $20 20 |

---

## Calculation of Fees and Costs

|  | Amount | Total |
|--|--------|-------|
| Fees Bill Arrangement  Slips By billing value on each slip | | |
| Total of billable time slips | $1,345 50 | |
| Total of Fees (Time Charges) | | $1,345 50 |
| Costs Bill Arrangement  Slips By billing value on each slip | | |
| Total of billable expense slips | $20 20 | |
| Total of Costs (Expense Charges) | | $20 20 |
| Total new charges | | $1,365 70 |
| New Balance Current | $1,365 70 | |
| Total New Balance | | $1,365 70 |

**EXHIBIT D-2**

**BILLING TIME**

7/17/2017
2 52 PM

Pre-bill Worksheet

Page      1

---

## Selection Criteria

Clie Selection          Include  Pender 012

---

| | |
|---|---|
| Nickname | Pender 012 | 5222 |
| Full Name | David Lee Pender II Bankruptcy Estate |
| Address | c/o Ronald R  Peterson, Trustee |
| | 353 N  Clark Street |
| | Chicago IL 60654-3456 |
| Phone | Fax |
| Home | Other |
| In Ref To | |
| | fee petiti |
| Fees Arrg | By billing value on each slip |
| Expense Arrg | By billing value on each slip |
| Tax Profile | Exempt |
| Last bill | |
| Last charge | 7/17/2017 |
| Last payment | Amount      $0 00 |

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 7/17/2017 155864 | C  Wilson 800 | 65 00 | 1 00 | 65 00 | Billable |
| | Prepared fee petition | | | | |
| 7/17/2017 155870 | A  Lasko 800 | 290 00 | 0 20 | 58 00 | Billable |
| | Prepared fee petition | | | | |
| TOTAL | Billable Fees | | 1 20 | | $123 00 |

Total of billable expense slips                                                                $0 00

---

## Calculation of Fees and Costs

| | Amount | Total |
|---|---|---|
| Fees Bill Arrangement  Slips By billing value on each slip | | |
| Total of billable time slips | $123 00 | |
| Total of Fees (Time Charges) | | $123 00 |

Pre-bill Worksheet

Pender 012 Davıd Lee Pender II Bankruptcy Estate (continued)

| | Amount | Total |
|---|---|---|
| Total of Costs (Expense Charges) | | $0 00 |
| Total new charges | | $123 00 |
| New Balance | | |
| Current | $123 00 | |
| Total New Balance | | $123 00 |